PER CURIAM.
Appellant was charged m a two-count information with possession of a controlled substance and possession of a prescription drug without a prescription. Appellant entered into a plea bargain providing that he would be sentenced to a maximum of three and one-half years to run concurrently with another three and one-half year sentence that he was then serving at Raiford. Pursuant thereto, appellant pled guilty to both counts, and the state nol-prossed a second information charging appellant with possession of a short barrel shotgun. Appellant was adjudicated guilty on both counts and given a sentence of three and one-half years in the state penitentiary to run concurrently with the sentence he was already serving.
*366 It appears that the substance which appellant was charged with possessing in each count of the information was the same substance. Hence, there can be no sentence for the second degree misdemean- or possession of a prescription drug without a prescription. Taylor v. State, Fla. App.2d, 1974, 289 So.2d 772. Accordingly, the trial court is directed to correct its records to reflect that the three and one-half year sentence which was entered pursuant to the bargain is applicable only to the felony conviction of possession of a controlled substance under the first count of the information. Otherwise, the judgments and sentence are
AFFIRMED.
McNULTY, C. J., and HOBSON and GRIMES, JJ., concur.